Submitted on record and briefs November 23, judgment of dismissal reversed and remanded December 21, 1994

STATE ex rel James Scott HOPKINS,
*Appellant,*

*v.*

Brian BEMUS,
Program Manager,
Classification and Transfer Div.,
Department of Corrections,
*Respondent.*

(93C12479; CA A84137)

887 P2d 350

James Scott Hopkins filed the briefs *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Pamela G. Wood, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner appeals from a judgment of the trial court dismissing his petition for an alternative writ of mandamus. We reverse and remand.

Petitioner, an inmate, sought an alternative writ of mandamus to compel defendant, an official of the Oregon Department of Corrections, to award him earned time credit. The trial court allowed the petition, ordered that the writ issue, ordered the court administrator to serve the writ on defendant, and set a date for hearing. However, the court administrator did not serve the writ. After petitioner mailed a signed copy of the writ and summons to counsel for defendant, counsel wrote to petitioner and said that "ORS 34.130(1) requires personal service of the original writ of mandamus on the named defendant." Counsel informed petitioner that defendant had not been personally served. Defendant did not appear at the show cause hearing.

Petitioner filed a petition for a peremptory writ of mandamus. ORS 34.180. Defendant filed a special appearance and moved to quash service, arguing that, because he had not been personally served, the trial court lacked jurisdiction and the petition for peremptory writ should be denied. The trial court allowed the motion. Later, it entered a judgment dismissing the petition.

Petitioner appeals from that judgment, contending that service was adequate. We understand defendant concedes that the trial court erred in dismissing the action on the grounds of improper service. Therefore, we reverse and remand.

Judgment of dismissal reversed and remanded.